# BAACT CORP. v. EXECUTIVE AERO, INC.*

251 N. W. 2d 107.

February 10, 1977—No. 46624.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, O. C. Adamson II, R. D. Blanchard, John Hally Riley, Thomson, Lovett, Wahlfors & Moran,* and *Thomas G. Lovett, Jr.,* for appellant.

---

* Certiorari denied, 434 U. S. 825, 98 S. Ct. 74, 54 L. ed. 2d 83 (1977).

*Richards, Montgomery, Cobb & Bassford, Nathan A. Cobb,* and *Jerome C. Briggs,* for respondent.

YETKA, JUSTICE.

BAACT CORP. commenced this action against Executive Aero, Inc., seeking indemnity or contribution. The trial court ordered judgment for BAACT in the sum of $72,155.25. Executive Aero appeals from the judgment and the denial of its post-trial motion. We affirm.

The following issues are presented by this appeal:

(1) Does Wisconsin or Minnesota law govern the issue of contribution?

(2) Does a purchaser of assets in bankruptcy succeed to a bankrupt's right of contribution?

On March 21, 1965, an aircraft owned by Tayam, a partnership, crashed in Wisconsin. Seven passengers were killed and five were injured. Tayam sued the manufacturer of the plane, Mooney Aircraft, Inc. (Mooney), and the retailer, Executive Aero, Inc. A second suit on behalf of the passengers was brought against the same defendants.

Both cases were venued in Hennepin County and consolidated for trial. The issue of negligence was submitted to the jury under the Wisconsin comparative negligence statute. The jury found Executive Aero 55 percent and Mooney 45 percent causally negligent. Damages totaled $160,345—$131,845 for various personal injuries and $28,500 for damage to Tayam's aircraft. Judgment was entered against both defendants with each being jointly and severally liable.[1] To secure the collection of their judgment against Mooney the successful plaintiffs brought an action on the judgment in Texas, where Mooney owned real estate. They secured a Texas judgment in the sum of $160,345 on May 10, 1968.

---

[1] Executive Aero, Inc., appealed to this court in Tayam v. Executive Aero, Inc. 283 Minn. 48, 166 N. W. 2d 584 (1969). The judgment against it was affirmed. Mooney did not appeal the judgment against it.

On February 17, 1969, Mooney filed a petition for voluntary bankruptcy and the bankruptcy court authorized the receiver to sell Mooney's assets to American Electronic Laboratories, Inc. (AEL). AEL formed a new corporation, BAACT CORP.,[2] to receive the assets of the bankrupt and to continue its business operations. A bill of sale was issued to BAACT on March 25, 1969.

On May 10, 1969, BAACT paid $144,310.50 toward the Texas judgment entered against Mooney with checks drawn on AEL. Executive Aero's insurer, Ohio Casualty Insurance Company, satisfied the balance of the judgment.

In 1970, BAACT and AEL brought this action in Hennepin County District Court to compel contribution or indemnity from Executive Aero. The court required BAACT and AEL to decide which of them, if either, owned Mooney's alleged cause of action for contribution. The parties chose BAACT. The court ordered a bifurcated trial of the case to sever the issues as to the plaintiff's claim for contribution from the issues as to the plaintiff's claim for indemnity and so as to provide for a hearing to take up the legal questions as to contribution. The other issues were to be decided in separate trial by jury at a later date. In addition, the court ordered the parties to prepare a stipulated set of facts and to brief three issues:

(1) Has plaintiff acquired, by assignment or otherwise, a viable cause of action for contribution against defendant?

(2) Are the contribution rights governed by the law of Wisconsin or the law of Minnesota?

(3) Are the determinations made in the jury's verdict in the original actions res judicata?

The court held that BAACT was entitled to contribution as a matter of law and made the following conclusions of law:

---

[2] This new corporation twice changed its name. Initially it was called Mooney Aircraft Corporation. Its name was subsequently changed to Aerostar Aircraft Corporation of Texas and finally to BAACT CORP.

"CONCLUSIONS OF LAW

"1.   Plaintiff BAACT CORP. has a valid cause of action for contribution.

"2.   Wisconsin Law governs the issue of contribution between the parties.

"3.   The following facts found by the jury in [the original actions filed by the injured passengers and the aircraft owner against Mooney and Executive Aero] are res judicata:

   a.   Mooney Aircraft, Inc. and Executive Aero, Inc. were joint tort-feasors.

   b.   Mooney Aircraft, Inc. was negligent, its negligence was a direct cause of plaintiffs' injuries and damages, and the percentage of negligence attributable to Mooney Aircraft, Inc. arising out of the accident of March 25, 1965, was 45 per cent.

   c.   Executive Aero, Inc. was negligent, its negligence was a direct cause of plaintiffs' injuries and damages, and the percentage of negligence attributable to Executive Aero, Inc. arising out of the accident of March 25, 1965, was 55 per cent.

"4.   Plaintiff BAACT CORP. has succeeded to the rights of contribution of Mooney Aircraft, Inc.

"5.   Plaintiff BAACT CORP. is entitled to contribution from Executive Aero, Inc. pursuant to the laws of the State of Wisconsin.

"6.   Under the laws of the State of Wisconsin, plaintiff's payment rendered complete its cause of action for contribution against the defendant abovenamed in the amount of $72,155.25."

The trial court applied Wisconsin law to the issue of contribution. Appellant contends it committed error in so doing. However, since in the original Tayam case Wisconsin law was applied on the issue of liability, that determination became the law of the case. The first trial determined that Executive Aero was negligent. In affirming that determination on appeal, this court held there was adequate independent evidence of negligence on the

part of Executive Aero. Thus, the issue of passive versus active negligence and the filing of cross claims need not be discussed. The jury in the original action was given sufficient evidence regarding the issues of negligence and apportionment of that negligence between the defendants which, when properly determined by the jury, foreclosed the necessity for a redetermination of these issues. Thus, if it was the proper party to bring this action, the plaintiff is entitled to contribution from Executive Aero.

We hold that BAACT established it holds a chose in action which is prima facie valid; that the chose in action was duly assigned to it; and that the chain of title dates back to the judicial sale of the bankruptcy court. Executive Aero is estopped from collaterally attacking the integrity of that judicial order and decree. A decree of a bankruptcy court which confirms a sale by the trustee is not subject to collateral attack. See, 9 Am. Jur. 2d Bankruptcy, § 1217; 8A C. J. S. Bankruptcy, § 325. A confirmed sale in bankruptcy confers full legal and equitable title upon the purchaser. 4A Collier, Bankruptcy § 70.98[18].

The trial court is affirmed in all respects.